Exhibit A
Page 1

## List of challenged disapproved Publications

1. Advanced Dragon Touch
2. Advanced Dungeons and Dragons
3. Advanced Dungeons and Dragons 2nd Edition
4. Battle Tech Manual
5. The Compendium of Contemporary Weapons (M. Siembieda)
6. D-20 Modern
7. Dragpm Lance "Last of the Twins" by Margaret Weis + Tracy Hickman (1986)
8. DM Campaign Tracker
9. Dragon's Touch
10. Dungeons and Dragons Adventurer's Vault by Logan Bonner, Eytan Bernstein + Chris Sims
11. Dungeons and Dragons, "Campaign Setting" by Margaret Weis + Don Perrin (2003)
12. Dungeons and Dragons "Character Record Sheets" + "Character Codex"
    Dungeons and Dragons Core Rulebook Collection 4th Edition (3 books)
13. Monster Manual by Mike Mearls
14. Dungeons Master's Guide by James Wyatt etc.
15. Player's Handbook by Rob Heinsoo, etc.
16. Dungeons and Dragons Forgotten Realms Champaign Guide (Roleplaying Game)
17. Dungeons and Dragons Forgotten Realms Player's Guide (Roleplaying Game)
18. Dungeons and Dragons, Dungeons Master's Guide : Core Rulebook II
19. Dungeons and Dragons — Expedition to Under-Mountain
20. Dungeons and Dragons Monster Manual — Core Rulebook III v.3.5
21. Dungeons and Dragons, Monster Manual IV by Gygax + Arneson (July 06)
22. Dungeons and Dragons, Monster Manual V by Gygax + Arneson (2007)
23. Dungeons and Dragons Players Handbook Core Rulebook I
24. Dungeons and Dragons, Unearthed Arcana : by Andy Collins, etc.
25. Dungeons and Dragons, Momster Manual II : by Ed Bonny, etc.
26. Dungeons and Dragons, "Song and Silence" by David Noonan and John Raeliff (2001-2002)
27. EverQuest Role Playing Game
28. EverQuest Role Playing Game, Game Master's Guide
29. Forgotten Realm (Dungeons and Dragons) by Reynolds, Heinsoo + Williams
30. Lady Chatterly's Lover by D.H. Lawrence
31. Llewellyn's New to AZ Horoscope Maker and Interpreter
32. Modern Roleplaying Game
33. Modern Weapons Locker : d20 Modern (K. Potter)
34. Noble Knight Games
35. Player's Guide to Faerun (Forgotten Realm) by Richard Baker

36. Pool of Radiance (Forgotten Realm) by Sean K. Reynolds
37. Rifts D-Bees of Norht America — World Book — 30
38. Rifts Dimension — Book Two (Phase World Book) by C.J. Carella
39. Rifts (Game Master Guide) by Kevin Siembieda
40. Rifts Japan by Kevin Siembieda
41. Rifts Mercenaries
42. Rifts Nightbane (A complete Role-playing Game) by C.J. Carella
43. Rifts Ultimate Edition by Kevin Siembieda
44. Robotech: The Role-playing Game
45. Sons of Grummsb (Forgotten Realm) by Christopher Perkins
46. Star Wars, Roleplaying Game by Christopher Perkins, etc.
47. Star Wars, Roleplaying Game (Secrets of Tatooine) by J.D. Wiker
48. Swashbuckling Adventurers (Ships and Sea Battles)
49. Time Spiral Fat Pack / Player's Guide
50. Ulysses by James Joyce
51. Underdark (Forgotten Realm) by Cordell, Kestrel & Quick
52. Waterdeep (City of Splendors) (Forgotten Realm) by Eric L. Boyd
53. World of Warcraft by Jennifer Sims, Kenny Sims and Desxter Hall


All publications appear as they do in the Disapproved Publications List. This is only to note the existence of some misspellings on the list.

MEMO

TO:        Offender Population
From:      Y. Taylor, Operations
Date:      March 19, 2009



Effective immediately, the following changes are made to Operating Procedure 803.2, *Incoming Publications*.

**Operating Procedure 803.2, Attachment 2,** revised to clarify that offenders cannot appeal disapproval of publications have been reviewed previously by the Publications Review Committee and placed on the Disapproved Publication List.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Effective immediately, the following changes are made to Operating Procedure 841.4, *Offender Educational Programs*.

**Section IV, A., 1., b., and c., added**
b.   Offenders that do not have either a verifiable GED or high school diploma must participate in the academic educational programs as required by the Code of Virginia, §22.1-344.1.  Refusal to participate for eligible offenders will limit their facility employment choices, pay rate, and good time earning rate. (Added 3/3/09)
c.   Hispanic offenders with Deportation Orders that have not demonstrated the secundaria level of education must participate in the Plaza Comunitarias Program.  Refusal to participate for eligible offenders will limit their facility employment choices, pay rate, and good time earning rate. (Added 3/3/09)

Exhibit C
Page 1



VIRGINIA DEPARTMENT OF CORRECTIONS                    Effective Date: November 1, 2007
**Informal Complaint**                    Operating Procedure #866.1    Attachment #9

## Informal Complaint

**INSTRUCTIONS FOR FILING**: Briefly write your issue in the space provided on the Informal Complaint form, preferably in ink. Only one issue per Informal Complaint. Place your complaint in the designated area at your facility. A receipt is issued within 2 working days from the date received if the informal complaint is not returned during intake. If no response is received within 15 calendar days, you may proceed in filing a regular grievance. You may utilize your receipt as evidence of your attempt to resolve your complaint.

| Clem, Jason | 350362 | B215 |
|---|---|---|
| Offender Name | Offender Number | Housing Assignment |

☐ Unit Manager/Supervisor      ☐ Food Service              ☐ Treatment Program Supervisor
☐ Personal Property            ☐ Commissary                ☐ Mailroom
☐ Medical Administrator        ☐ Other (Please Specify): _____

Briefly explain the nature of your complaint (be specific):

In accordance with the new policy I was not allowed to order non-music cd's
Even though people who have them are allowed to keep them. That is a violation
of the 14th Amendment's Equal protection clause. There is no legitimate
penological reason to allow some people to receive them and then make a rule
denying any new orders of non-music cd's but allowing the others to keep them.
My Constitutional rights are therefor being violated. See Attachment.

Offender Signature  _Jason Clem_          Date  _8-30-09_

**Offenders - Do Not Write Below This Line**

Date Received: _____           Tracking # _____

Response Due: _____            Assigned to: _____

Action Taken/Response:
No tracking number assigned.
WRSP has no control over this matter.
Refer to John M. Jabe (Deputy Director) memo dated 8.10.09.

**RECEIVED**
OCT 0 6 2009
**Ombudsman Services Unit**

_M_          A. P. Harvey, Assistant Warden          8.31.09

Respondent Signature          Printed Name and Title          Date

Original – Offender          First Copy – File          Second Copy – Offender as Intake Receipt

Exhibit C
Page 2

VIRGINIA DEPARTMENT OF CORRECTIONS
Regular Grievance Form

Effective Date: July 1, 2005
Operating Procedure# 866   Attachment #2

# REGULAR GRIEVANCE FORM

Log Number 630-14946

| Clem | Jason | 350362 | B | 215 |
|------|-------|--------|---|-----|
| Last Name | First | Number | Building | Cell Number |

**WHAT IS YOUR COMPLAINT?** (Provide information from the informal process: who did you see, when did you see them, what was done OR attach informal complaint if implementation Memorandum requires such). Per O.P. 866.1 L.1.a, the memo issued by John Jabe is grievable. In accordance with the new policy I was not allowed to order non-music cd's. (See Attachment) The new memo is arbitrary and capricious. By allowing others to keep their non-music cd's while denying them to myself and others is a violation of the 14th Amendments Equal Protection Clause. There is no legitimate penological reason to allow others to have them while denying them to me. The memo provides no reason why. In order for a constitutional violation to be allowed in a prison a neutral penological interest must be given to justify the violation or it will be considered arbitrary and capricious and an exaggerated response to penological interests. By denying me the ability to order non-music cd's while allowing others to have them violates my constitutional rights.

**What action do you want taken?** Revoke the memo/policy of no new orders of non-music cd's. If that action is not taken I would like a legitimate penological reason for the new memo/policy and its grandfather clause.

RECEIVED

RECEIVED

OCT 0 6 2009

Ombudsman Services Unit

Grievant's Signature: Jason Clem        Date: 9-1-09

Warden/Superintendent's Office: B Ravizer

Date Received: _____

1 of 2

*Revision Date: 7/1/05*

Exhibit C
Page 3

VIRGINIA DEPARTMENT OF CORRECTIONS                          Effective Date:  November 1, 2007
OFFENDER GRIEVANCE RESPONSE – LEVEL I        Operating Procedure# 866.1   Attachment #8

## OFFENDER GRIEVANCE RESPONSE
## LEVEL I

| Jason Clem | 350362 | WRSP | 630-14946 |
|---|---|---|---|
| Offender Name | Number | Facility | Log Number |

LEVEL I:  <u>WARDEN'S RESPONSE</u> (To be completed and mailed within 30 calendar days.)

Grievance Summary: In your grievance, you said that Wallens Ridge is violating the 14th amendment by allowing others offenders to keep their non-music CD's while denying you the right to order them.

As a result of this grievance, you would like the memo/policy on ordering CD's to be revoked.

The results of the informal process reveal that Assistant Warden Harvey advised you on the Informal Complaint to refer to John M. Jabe (Deputy Director) memo dated August 10, 2009. Wallens Ridge has no control over this matter.

An investigation into this matter indicates that Deputy Director John M. Jabe implemented this procedure statewide on August 10, 2009.

Memorandum Directive dated August 10, 2009 govern this issue.

After reviewing the information presented by staff in response to your complaint, and the policy governing the issue, I find your grievance to be **Unfounded.**

If you are dissatisfied with the Level I response, you may appeal within five (5) calendar days to: Regional Director, Western Regional Office, 5427 Peters Creek Road, Suite 250, Roanoke, VA  24019-3890.

_____                                      9/10/09
**Bryan Watson, Warden**                                          **Date**

I wish to appeal the Level I response because: The Level I response did not provide a reason for the determination that the grievance was unfounded. That is required by O.P. 866.1 VI.C.1.c. The responses of the Informal Complaint and Grievance bring grave concerns as both say that WRSP has no control over memos issued by the Deputy Director. O.P. 866.1 IV.L.1.a. says that all procedures of the DOC can be challenged and O.P. 866.1 IV.C.1.c. allows WRSP to determine "whether the procedure being challenged needs revision" WRSP **does** have control over the issue. The information on this Grievance and the informal complaint appear to be incorrect. According to a Request Form (attached) sent to Operations Officer Taylor there was no memo sent on 8/10/09 by Operations. Operations Officer Taylor did issue a memo on 8/13/09 that does govern the issue. And it is clearly within control of WRSP. Even if John Jabe did issue a memo O.P. 866.1 VI.C.1.c. gives them control over the issue (and IV.L.1.a.) How does Memo date August 10, 2009 by John Jabe govern this issue if it doesn't exist? Onto the actual grievance. The policy needs revision because it violates the Equal protection clause. (See Attached pages)

_____                                      9-13-09
**Offender Signature**                                              **Date**

**RECEIVED**

OCT 0 6 2009

**Ombudsman Services Unit**

Exhibit 6

Level II Appeal    Page 4                    Log # 630-14946

(continued)    I asked for the memo/policy to be revoked <u>and if not</u> a legitimate penological reason for allowing the grandfather clause and the policy in general on why we are not allowed to order non-music cd's. I was given no reason for the policy being implemented.

The policy needs to be revoked because (1) it violates the 14TH Amendment's equal protection clause and (2) it violates the 1ST Amendment's protection of freedom of expression.

Respectfully Submitted,

Jason Clem    9-13-09

The Grievance was received on Friday, September 11, 2009 and was placed in the institutional mailbox on Sunday, September 13, 2009 to be sent by Bulk Mail.

Jason Clem    9-13-09

**RECEIVED**
OCT 0 6 2009
**Ombudsman Services Unit**

Jason Clem  350362
Wallens Ridge State Prison
P.O. Box 759
Big Stone Gap, Va 24219

Exhibit G
Page 5

VIRGINIA DEPARTMENT OF CORRECTIONS
**Offender Grievance Response - Level II**

Effective Date: November 1, 2007

RECEIVED

Operating Procedure 866.1 - Attachment #7

OCT 05 2009

Operations

# OFFENDER GRIEVANCE RESPONSE
## LEVEL II

| J. Clem | 350362 | WRSP | 630-14946 |
|---|---|---|---|
| Offender Name | Number | Facility | Log Number |

LEVEL II: <u>REGIONAL DIRECTOR</u> (To be completed and mailed within 20 calendar days.)

Your complaint challenging the memorandum from Deputy Director John M. Jabe dated 8/10/09 has been investigated. You would like to purchase non-music CD's and feel your rights have been violated. Investigation revealed that Deputy Director Jabe issued a memorandum dated 8/10/09 making offenders and staff aware that offenders would no longer be allowed to order non- music CD's. Memorandum issued by Deputy Director Jabe dated 8/10/09 governs this issue.

Based on the information provided, I am upholding the unfounded decision of the Level I respondent.

☒ This grievance is appeal able to Level III. You may appeal by mailing the grievance within 5 calendar days to the Deputy Director of Operations, Post Office Box 26963, Richmond, Virginia 23261-6963.

| _John Garman/alp_ | _9/23/09_ |
|---|---|
| Regional Director | Date |

I wish to appeal the Level II response because: As I have pointed out, I requested the memo issued by John Jabe on 8/10/09 governing the issue and was told by Operations Officer Taylor that no memo was sent by Operations on that date. Also, regardless of who issued the memo, it violates the 1st Amendm Religious Exercise Clause and Freedom of Expression and the 14th Amendment's Equal Protection Clause. It does not matter if the President issued the memo, it is violating the U.S. constitution. No Reasonable penological interest is given for its justification. Also, O.P. 802.1 claims that the Grandfather clause will not be used in the Department of Corrections.

| Offender Signature | Date |
|---|---|

| _Jason Clem_ | _10-1-09_ |

The memo should be revoked. It makes no sense to allow us to have rap/rock cd's singing about drugs, killing, sex etc. but not allow us to have educational or religious cd's that may actually help rehabilitate us, since that is the goal of the DOC.

**RECEIVED**

OCT 0 6 2009

Ombudsman Services Unit

Exhibit C
Page 6



# COMMONWEALTH of VIRGINIA

**GENE M. JOHNSON**
**DIRECTOR**

*Department of Corrections*

P. O. BOX 26963
RICHMOND, VIRGINIA 23261
(804) 674-3000

### INMATE GRIEVANCE RESPONSE FORM
### Level III

| J. Clem, #350362 | Wallens Ridge State Prison | 630-14946 |
|---|---|---|
| Inmate Name and Number | Institution | Log Number |

**Level III: Deputy Director/Director Response:** (To be completed and mailed within twenty (20) calendar days)

I have reviewed your grievance and your appeal questioning general procedures of the Division. You state that the memo prohibiting offenders from purchasing Non-music CDs is a "violation of the 14th Amendment Equal Protection Clause".

The August 11, 2009, memo prohibiting offenders from possessing Non-music CDs was authorized by the Virginia Department of Corrections. This prohibition on non-music CD possession by offenders includes, but is not limited to, books, speeches, educational and religious materials.

The Department of Corrections allows incarcerated offenders to possess a limited amount of personal property. The type, value, and amount of allowable property are regulated by the Department and restrictions may be imposed as needed.

The Department provides reasonable opportunities and resources through religious programs, Chaplain Services and the Department of Correctional Education, for incarcerated offenders to voluntarily pursue religious beliefs and educational endeavors. You have not presented any evident to support your allegation that your Constitutional Rights have been violated.

The substance of procedures governing Operating Procedure 802.1, Offender Property is appropriate. The procedure will not be considered for alterations at this time.

This is the last level of appeal, and you have exhausted all administrative remedies.

Date: _10/9/09_

_____
J. Jabe, Deputy Director of Operations

Exhibit 1
Page 1



VIRGINIA DEPARTMENT OF CORRECTIONS
**WALLENS RIDGE STATE PRISON**
Inmate Request For Information Form

Implementation Memo for OP# 866.1
Attachment #1

# INMATE REQUEST FOR INFORMATION

**INSTRUCTIONS FOR FILING:** If you have a complaint that may result in a formal grievance, you must use the Informal Complaint Form. This form is to be used for requesting general information through specific departments. Please ensure that your topic coincides with the appropriate department.

**Please fill out form & send to (please check one below) and place in the institutional mail. All requests for maintenance issues should be sent to the Building Supervisor:**

- ☐ Warden
- ☐ Assistant Warden
- ☐ Major (Security)
- ☐ Treatment — Name:
- ☐ Operations Officer
- ☐ Business Office
- ☑ Property Control

- ☐ Building Supervisor
- ☐ DCE
- ☐ Mental Health
- ☐ Medical
- ☐ Food Service
- ☐ Rec. Supervisor/Law Library
- ☐ Inmate Records

- ☐ Mailroom
- ☐ Laundry
- ☐ Inmate Grievance Office
- ☐ Safety Officer
- ☐ Disciplinary Hearings Officer
- ☐ Other _____

| Clem | Jason | 350362 | B | 215 |
|------|-------|--------|---|-----|
| **Inmate's Last Name** | **First Name** | **Number** | **Building** | **Cell Number** |

**PLEASE STATE YOUR QUESTION:**

While I was in segregation in D322 they had a cell-search on Monday January 12, 2009. During the search the night Sgt. (name starts with a C, big baldheaded guy) took a green folder with some paperwork I had sent in while I was at the county jail. He said he was going to give it to the property Sgt to look at and determine if I was allowed to have it back. I was not given a charge and he never gave me a confiscation form. I have not been notified by property that he had even given you my paperwork. I would like to know what is going on with it and if you could find my property and return it. He said 9 out of 10 times it would be returned even though I am not sure it was taken in the first place. Thank you

**Inmate's Signature:** Jason Clem     **Date:** 1-19-09

**STAFF RESPONSE:**

Property does not have info concerning this. I would suggest you contact Sgt Cochrane as I believe this is who you are speaking of.

**Respondent's Signature:** Sgt Call     **Date:** 1-28-09

Exhibit 9
Page 2

VIRGINIA DEPARTMENT OF CORRECTIONS
**Regular Grievance Form**

Effective Date: July 1, 2005
Operating Procedure# 866   Attachment #2

# REGULAR GRIEVANCE FORM

Log Number _____

| Clem | Jason | 350362 | B | 215-T |
|------|-------|--------|---|-------|
| **Last Name** | **First** | **Number** | **Building** | **Cell Number** |

**WHAT IS YOUR COMPLAINT?  (Provide information from the informal process:  who did you see, when did you see them, what was done OR attach informal complaint if implementation Memorandum requires such).** I sent an Informal Complaint in on Feb.1 but did not get a receipt within 2 days as OP 866.1 provides for. On Jan. 12 while in D322 my cell was searched at night by Sgt. Cochrane during which he took a green folder of mine containing paperwork. He said he was going to give it to property to let them see if it was authorized as per OP 802.1. After 1 week and not receiving any paperwork from Property I wrote a request inquiring about my property. They said they had no information concerning it and I should contact Sgt. Cochrane. I then filed and Informal Complaint. (I sent the request on Jan.19 and received a response on Jan. 28) OP 802.1 Offender Property procedures were not properly followed. I recieved no Notification or Charge. In essence my property was stolen. If it was unauthorized I would have the choice to send it out or appeal the decision but due to neglect or malice I do not get that chance because an officer did not follow Operating Procedures. The Informal Complaint procedures also were not followed.

**What action do you want taken?** I either want the return of my property or I want reimbursement for it as per OP 802.1 Extent of Liability since it was lost while in possession of a DOC employee. I will shortly have information regarding the replacement cost of the property.

**Grievant's Signature** Jason Clem         Date: 2-10-09

**Warden/Superintendent's Office:** _____

**Date Received:** _____

1 of 2

*Revision Date: 7/1/05*



**VIRGINIA DEPARTMENT OF CORRECTIONS**
**Regular Grievance Form**

**Effective Date: July 1, 2005**
**Operating Procedure# 866   Attachment #2**

**INSTRUCTIONS FOR FILING**: You are required per Division Operating Procedure 866 "Inmate Grievance Procedure" to attempt to resolve your complaint in good faith prior to filing a regular grievance. The institutional Implementation Memorandum 866 details the informal process to use. You must submit your grievance within 30 days from the date of occurrence or discovery of incident. Only one issue per grievance will be addressed. Write your issue only in the space provided on the grievance form, preferably in ink. Regular grievances are submitted through the institutional mail to the Warden/Superintendent's office and a receipt issued within 2 working days from received date if the grievance is not returned during intake.

| | |
|---|---|
| **INTAKE:** Grievances should be accepted for logging unless returned for the following reason(s): | |
| | Non-Grievable. This issue has been defined as non-grievable in accordance with Division Operating Procedure 866. |
| | ☐ Disciplinary Procedure. You may appeal hearing decisions, penalties, and/or procedural errors under the provisions in Division Operating Procedure 861, "Inmate Discipline". |
| | ☐ Matters beyond the control of the Department of Corrections |
| | ☐ Validation decisions rendered by the Security Threat Group Program Manager |
| | Does not affect you personally |
| | Limited. You have been limited by the Warden/Superintendent |
| | More than one issue – resubmit with only one issue |
| | Expired Filing Period. Grievances are to be filed within 30 calendar days from date of occurrence/incident, or discovery of the occurrence/incident except in instances: 1) beyond the inmate's control or, 2) where a more restrictive time frame has been established in Division procedures to prevent loss of remedy or the issue from becoming moot. |
| | Repetitive. This issue has been grieved previously in grievance #_____ |
| | Inquiry on behalf of other inmates. |
| | Group Complaints or Petitions. Grievances are to be submitted by individuals. |
| | Vulgar/Insolent or Threatening Language. YOU MAY BE CHARGED IN ACCORDANCE WITH THE PROVISIONS IN DIVISION OPERATING PROCEDURE 861 "INMATE DISCIPLINE" |
| | Photocopy/Carbon Copy. You must submit the original grievance for responses and appeals. |
| ✓ | Grievances Filed Regarding Another Institution. This grievance is being returned to you for you to submit to: |
| | Informal Procedure. You have not used the informal process to resolve your complaint in accordance with the Implementation Memorandum *No informal was rec'd from you* |
| | Request for services *Resubmit* |
| | Insufficient Information. You need to provide the following information to the Grievance Office before the grievance can be processed: _____ |
| | The issue in the grievance is different from the issue in the informal complaint     WRSP Grievance Department |
| Institutional Ombudsman/Grievance Coordinator: *Bf Corizle* | Date: FEB 1 3 2009 |

| | |
|---|---|
| **If you disagree with this decision, you have 5 calendar days from date of receipt to submit to the Regional Ombudsman for a review of the intake decision. The Regional Ombudsman's decision is final.** | |
| Regional Review of Intake (within 5 working days of receipt) | |
| | The intake decision is being upheld in accordance with the criteria in Division Operating Procedure 866 "Inmate Grievance Procedure". |
| | The intake decision is being returned to you because the 5 day time limit for review has been exceeded. |
| | The grievances meet the criteria for intake and are being returned to the Warden/Superintendent for logging. |
| Regional Ombudsman: | Date: |

**WITHDRAWAL OF GRIEVANCE**: I wish to voluntarily withdraw this grievance. I understand that by withdrawing this grievance, there will be no further action on this issue nor will I be able to file any other grievance in the future on this issue.

Inmate Signature: _____   Date: _____

Staff Witness: _____   Date: _____

*Revision Date: 7/1/05*

 

Exhibit D
Page 3

VIRGINIA DEPARTMENT OF CORRECTIONS
Informal Complaint

Effective Date: November 1, 2007
Operating Procedure #866.1    Attachment #9

## Informal Complaint

**INSTRUCTIONS FOR FILING:** Briefly write your issue in the space provided on the Informal Complaint form, preferably in ink. Only one issue per Informal Complaint. Place your complaint in the designated area at your facility. A receipt is issued within 2 working days from the date received if the informal complaint is not returned during intake. If no response is received within 15 calendar days, you may proceed in filing a regular grievance. You may utilize your receipt as evidence of your attempt to resolve your complaint.

| Jason Clem | #350362 | B215-T |
|---|---|---|
| Offender Name | Offender Number | Housing Assignment |

☐ Unit Manager/Supervisor    ☐ Food Service    ☐ Treatment Program Supervisor
☐ Personal Property    ☐ Commissary    ☐ Mailroom
☐ Medical Administrator    ☑ Other (Please Specify): Y.M. Taylor Operations Officer

Briefly explain the nature of your complaint (be specific):

On Jan 12 while in D322 my cell was searched at night by Sgt. Cochrane during which he took a green folder of mine containing paperwork. He said he was going to send it to Property to see if I was authorized to have it. On Jan 19 I wrote Property asking about it and they responded on Jan 28 saying they had no info. concerning it. On Feb 1 I filed an informal complaint but received no response or receipt so I filed a Grievance on Feb 10 and was told to resubmit an Informal Complaint. Operating Procedure 802.1 was not properly followed. I received no form of Notification. The property was lost while in the possession of a DOC employee and per OP 802.1 I should receive reimbursement for it.

Offender Signature _Jason Clem_ ___ Date _February 18, 2009_

**Offenders - Do Not Write Below This Line**

Date Received: __2/23/09__     Tracking # __8708__

Response Due: __3/10/09__     Assigned to: __LT STILL__

Action Taken/Response:

Sgt. B Collins has located the above mentioned item and it's in Property. The items have been determined to be not allowed, and you will need to submit a Property disposition form

_____

| H.D. Still | D Still Lt. | 2/27/09 |
|---|---|---|
| Respondent Signature | Printed Name and Title | Date |

Original – Offender     First Copy – File     Second Copy – Offender as Intake Receipt

1 of 2

VIRGINIA DEPARTMENT OF CORRECTIONS    **Effective Date: July 1, 2005**
**Regular Grievance Form**    **Operating Procedure# 866   Attachment #2**

Exhibit D
Page 4

# REGULAR GRIEVANCE FORM

Log Number _____

| Clem | Jason | 350362 | B2 | 15 |
|------|-------|--------|-----|-----|
| **Last Name** | **First** | **Number** | **Building** | **Cell Number** |

**WHAT IS YOUR COMPLAINT?** (Provide information from the informal process: who did you see, when did you see them, what was done OR attach informal complaint if implementation Memorandum requires such). See Attached Informal Complaint.

The paperwork that was determined to be not allowed is printed material from a publication. I had the material sent in through general correspondence. According to Operating Procedure 803.1 Offender Correspondence (Dec. 1, 2008) IV. Procedure B. Incoming 8. "Offenders may receive printed materials ... enclosed in incoming general correspondence including, but not limited to, photocopies of publications and other printed matter... The content of such printed materials will be reviewed for compliance with OP 803.2 Incoming Publications." My property is in compliance with 803.2 and 803.1 and therefore it should be returned to me. I received some of the material at the county jail, Powhatan Receiving, and here. It was checked by property when I went to Powhatan and when I arrived here. During every shakedown it was found to be authorized. When my property was packed when I went to seg, it was found to be authorized. The publication it is from is not in the Disapproved Publication List. Operating Procedure 803.1 allows many things it specifically says but also adds the clause "but not limited to". Regardless, this property is specifically authorized by that operating procedure.

**What action do you want taken?** I would like my ~~printed~~ property returned please. Also, I would like the time suspended for me to send my property out before they destroy it while I appeal Property Control's decision, please. Thank You

**Grievant's Signature:** Jason Clem        **Date:** 3-4-09

**Warden/Superintendent's Office:** _____

**Date Received:** _____



VIRGINIA DEPARTMENT OF CORRECTIONS
**Regular Grievance Form**

**Effective Date: July 1, 2005**
Operating Procedure# 866    Attachment #2

**INSTRUCTIONS FOR FILING**: You are required per Division Operating Procedure 866 "Inmate Grievance Procedure" to attempt to resolve your complaint in good faith prior to filing a regular grievance. The institutional Implementation Memorandum 866 details the informal process to use. You must submit your grievance within 30 days from the date of occurrence or discovery of incident. Only one issue per grievance will be addressed. Write your issue only in the space provided on the grievance form, preferably in ink. Regular grievances are submitted through the institutional mail to the Warden/Superintendent's office and a receipt issued within 2 working days from received date if the grievance is not returned during intake.

**INTAKE:** Grievances should be accepted for logging unless returned for the following reason(s):

|  |  |
|---|---|
|  | Non-Grievable. This issue has been defined as non-grievable in accordance with Division Operating Procedure 866. |
|  | ☐ Disciplinary Procedure. You may appeal hearing decisions, penalties, and/or procedural errors under the provisions in Division Operating Procedure 861, "Inmate Discipline". |
|  | ☐ Matters beyond the control of the Department of Corrections |
|  | ☐ Validation decisions rendered by the Security Threat Group Program Manager |
|  | Does not affect you personally |
|  | Limited. You have been limited by the Warden/Superintendent |
|  | More than one issue – resubmit with only one issue |
| ✓ | Expired Filing Period. Grievances are to be filed within 30 calendar days from date of occurrence/incident, or discovery of the occurrence/incident except in instances: 1) beyond the inmate's control or, 2) where a more restrictive time frame has been established in Division procedures to prevent loss of remedy or the issue from becoming moot. |
|  | Repetitive. This issue has been grieved previously in grievance #_____ |
|  | Inquiry on behalf of other inmates. |
|  | Group Complaints or Petitions. Grievances are to be submitted by individuals. |
|  | Vulgar/Insolent or Threatening Language. YOU MAY BE CHARGED IN ACCORDANCE WITH THE PROVISIONS IN DIVISION OPERATING PROCEDURE 861 "INMATE DISCIPLINE" |
|  | Photocopy/Carbon Copy. You must submit the original grievance for responses and appeals. |
|  | Grievances Filed Regarding Another Institution. This grievance is being returned to you for you to submit to: |
|  | Informal Procedure. You have not used the informal process to <u>resolve</u> your complaint in accordance with the Implementation Memorandum |
|  | Request for services |
|  | Insufficient Information. You need to provide the following information to the Grievance Office before the grievance can be processed: _____   WRSP  Grievance Department |
|  | The issue in the grievance is different from the issue in the informal complaint |

Institutional Ombudsman/Grievance Coordinator: _B̶ ̶R̶a̶v̶i̶g̶h̶_    Date: MAR 0 9 2009

**If you disagree with this decision, you have 5 calendar days from date of receipt to submit to the Regional Ombudsman for a review of the intake decision. The Regional Ombudsman's decision is final.**

Regional Review of Intake (within 5 working days of receipt)

|  |  |
|---|---|
|  | The intake decision is being upheld in accordance with the criteria in Division Operating Procedure 866 "Inmate Grievance Procedure". |
|  | The intake decision is being returned to you because the 5 day time limit for review has been exceeded. |
|  | The grievances meet the criteria for intake and are being returned to the Warden/Superintendent for logging. |

Regional Ombudsman: _____    Date: _____

**WITHDRAWAL OF GRIEVANCE**: I wish to voluntarily withdraw this grievance. I understand that by withdrawing this grievance, there will be no further action on this issue nor will I be able to file any other grievance in the future on this issue.

Inmate Signature: _____    Date: _____

Staff Witness: _____    Date: _____

*Revision Date: 7/1/05*

Exhibit D
Page 5

VIRGINIA DEPARTMENT OF CORRECTIONS
Regular Grievance Form

Effective Date: July 1, 2005
Operating Procedure# 866   Attachment #2

## REGULAR GRIEVANCE FORM

Log Number _____

| Clem | Jason | 350362 | B2 | 15 |
|------|-------|--------|-----|-----|
| Last Name | First | Number | Building | Cell Number |

**WHAT IS YOUR COMPLAINT?** (Provide information from the informal process: who did you see, when did you see them, what was done OR attach informal complaint if implementation Memorandum requires such). _____

On February 27, 2009 some of my paperwork was deemed to be unauthorized. Before then the property was lost and no decision as to its authorization was made. Per O.P. 802.1 one has seven days to appeal this decision. I filed a grievance on 3-4-09 but is was returned for failure to file before time expired. That is incorrect. According to 803.1 "offenders may receive printed materials, enclosed in incoming general correspondence including, but not limited to, photocopies of publications and other printed matter. Therefore, the property should be authorized since it is in compliance with operating procedures.

**What action do you want taken?** I would like my property returned please. Also, I would like the 30 days for disposition from the date Feb. 27, 2009 to be suspended while I appeal Property's decision (on Feb 27, 2009)

Grievant's Signature: _Jason Clem_    Date: 3-10-09

Warden/Superintendent's Office: _____

Date Received: _____

*Revision Date: 7/1/05*

VIRGINIA DEPARTMENT OF CORRECTIONS
**Regular Grievance Form**

**Effective Date:** July 1, 2005
Operating Procedure# 866   Attachment #2

**RUCTIONS FOR FILING**: You are required per Division Operating Procedure 866 "Inmate Grievance Procedure" to attempt to
_ _ your complaint in good faith prior to filing a regular grievance. The institutional Implementation Memorandum 866 details the
_ process s to use. _ _ou must submit your grievance within 30 days from the date of occurrence or discovery of incident. Only one
_ grievance will _ addressed. Write your issue only in the space provided on the grievance form, preferably in ink. Regular
_ _ _es are submitt _ _rough the institutional mail to the Warden/Superintendent's office and a receipt issued within 2 working days
_ _ _ _eived date if _ grievance is not returned during intake.

**_TAKE: Grieva** _ _ould be accepted for logging unless returned for the following reason(s):

- Non-_ _ _able. This issue has been defined as non-grievable in accordance with Division Operating Procedure 866.
- _ _plinary Procedure. You may appeal hearing decisions, penalties, and/or procedural errors under the provisions _ _ in Di_ _ n Operating Procedure 861, "Inmate Discipline".
- _ _e control of the Department of Corrections
- _ _ _ns rendered by the Security Threat Group Program Manager
- _ _es n _ _fect _ _ _ _ perso _
- _ mit _ _ _ve been _ _ _ed by the Warden/Superintendent
- _ _ore _ _ _issue – r _ _ _mit with only one issue
- ✓ Ex_ _ _ _ing Period. _ _evances are to be filed within 30 calendar days from date of occurrence/incident, or discovery of the _ _ _ence/incident exc _ t in instances: 1) beyond the inmate's control or, 2) where a more restri_tive time frame_has been _ _e_ _ _ _d in D _ _ _rocedures to prevent loss of remedy or the issue from becoming mo_ _
- Repetiti_ _ _s been grieved previously in grievance #_____
- Inquiry o_ _ _ _er _ _s.
- Group Co_ _ _ _ or Peti_ _ _ _rievances are to be submitted by individuals.
- Vulga_ _nsolent or Threate_ _ _anguage. YOU MAY BE CHARGED IN ACCORDANCE WITH THE PROVISIONS IN DIVISI_ _ OPERA_ _G PROCEDURE 861 "INMATE DISCIPLINE"
- Photo_ _arbon _ You must submit the original grievance for responses and appeals.
- _ _ _her Institution. This grievance is being returned to you for you to submit to:
- In _ _ _ _used the informal process to _resolve_ your complaint in accordance with the Implementation Me_ _ _
- Reque_ _ior s _
- Insuffi_ _ent I_ _on. You need to provide the following information to the Grievance Office before the grievance can be processed:

- The issue in the gri_ _ _ ifferent from the issue in the informal complaint

WRSP
~~Grievance Department~~

Institutional Ombudsman/Grievan_ _ Coordinator: _____   Date: MAR 1 2 2009

*Ur_ _ _red 3_ _ _ _ _ _ _ _ _ _ issue*

**If you disagree with this decision, you have 5 calendar days from date of receipt to submit to the Regional Ombudsman for a review of the intake decision. The Regional Ombudsman's decision is final.**

Regional Review of Intake (within 5 working days of receipt)

- The intake decision is being upheld in accordance with the criteria in Division Operating Procedure 866 "Inmate Grievance Procedure".
- The intake decision is being returned to you because the 5 day time limit for review has been exceeded.
- The grievances meet the criteria for intake and are being returned to the Warden/Superintendent for logging.

Regional Ombudsman: _____   Date: _____

**WITHDRAWAL OF GRIEVANCE**: I wish to voluntarily withdraw this grievance. I understand that by withdrawing this grievance, there will be no further action on this issue nor will I be able to file any other grievance in the future on this issue.

Inmate Signature: _____   Date: _____

Staff Witness: _____   Date: _____

*Revision Date: 7/1/05*

Exhibit D
Page 6

WRSP
Grievance Department

MAR 16 2009

Mrs. Ravizee,

I would like to know why I have expired my filing period for a grievance. I do not deny the property was taken on Jan. 12, The Sergeant said he was going to give it to property to see if I was authorized to have it. In the process it was lost. I had to file an informal complaint in order for it to be found. It was found and *then* deemed to be unauthorized on Feb 27. I could not <u>appeal</u> the decision (Per O.P. 802.1) until it was made. How could I appeal its unauthorization before it was even unauthorized? I am not grieving the fact that the sergeant took it. He was supposed to give me a Notice of Confiscation according to O.P. 802.1 which he did not. That is not the issue though. Property deemed the property to be unauthorized on Feb. 27. I could not have known of that decision before then. Also, it was an instance beyond my control since the property was lost for a month. I would like to know why the date of unauthorization is not Feb 27 as Lt. Still noted on the Informal Complaints. I do not want to keep filing grievances but I would like to be able to appeal the decision. It would be helpful if you could come by and give me an explanation and so I can fully present my reasons,

                                                    Thank You,

                                                    Jason Clem   3-12-09

Jason Clem
350362
B215

Yow had 30 days to file
on property taken on 1-12-09

Exhibit D
Page 7

B215

TO:  J. Clem #350362

FROM: Property Dept. Sgt. Collins

SUBJECT:  Mailout property

Date: 3/25/09

Please send a Postage Withdrawal form to Property so we
can mail your disallowed property. Be sure to mark U.S.
Mail as that is what you marked on the Property
Disposition form. Also, leave the $amount$ blank as
Business Office will fill this out on departure of package.




Thank you,
Sgt. B. Collins
Property Sergeant

Exhibit D
Page 8



VIRGINIA DEPARTMENT OF CORRECTIONS
Informal Complaint

Effective Date: November 1, 2007
Operating Procedure #866.1    Attachment #9

## Informal Complaint

**INSTRUCTIONS FOR FILING**: Briefly write your issue in the space provided on the Informal Complaint form, preferably in ink. Only one issue per Informal Complaint. Place your complaint in the designated area at your facility. A receipt is issued within 2 working days from the date received if the informal complaint is not returned during intake. If no response is received within 15 calendar days, you may proceed in filing a regular grievance. You may utilize your receipt as evidence of your attempt to resolve your complaint.

Jason Clem        1185220        350362        B221
Offender Name               Offender Number        Housing Assignment

☐ Unit Manager/Supervisor    ☐ Food Service       ☐ Treatment Program Supervisor
☐ Personal Property          ☐ Commissary         ☐ Mailroom
☐ Medical Administrator      ☑ Other (Please Specify): Y.M. Taylor, Operations Officer

Briefly explain the nature of your complaint (be specific):

My property was taken on 1-12-09 without a Notice of Confiscation as per OP 802.1. On 2-27-09 I was informed on Informal 8708 that my book was determined to be not allowed and I had to send it out. I was not given a reason why it was disapproved. Per OP 803.1 publications must be sent to the Publication Review Committee for a final decision. It was not. Finally, I was denied, 3 times, my right to appeal the decision to disallow my publication as OP 803.1 and 866.1 provide. (3-4-09, 3-10-09, 3-12-09 by B.J. Ravizee) I was denied Due process and proper procedures were not followed. I have copies of all forms mentioned.

Offender Signature  Jason Clem                 Date  9-23-09

### Offenders - Do Not Write Below This Line

Date Received: 9/25/09                          Tracking # 630-285

Response Due: 10/10/09          Assigned to: Y. Taylor

Action Taken/Response:

Offender at WLSP notified 3/19/09 + offender cannot appeal decision + disapproval of publications previously reviewed by Publication Review Committee and placed on Disapproved Publication List.

You must appeal decision on intake of grievance to the Regional Ombudsman within 5 days by sending original grievance.

Respondent Signature                Y. Taylor, Operations Officer  9-29-09
                                    Printed Name and Title              Date

Original – Offender    First Copy – File    Second Copy – Offender as Intake Receipt

Exhibit D
Page 9

VIRGINIA DEPARTMENT OF CORRECTIONS
Regular Grievance Form

Effective Date: July 1, 2005
Operating Procedure# 866   Attachment #2

## REGULAR GRIEVANCE FORM

Log Number_____

| Clem | Jason | 1185220 350362 | B2 | 221 |
|------|-------|---------|----------|-------------|
| **Last Name** | **First** | **Number** | **Building** | **Cell Number** |

**WHAT IS YOUR COMPLAINT?  (Provide information from the informal process: who did you see, when did you see them, what was done OR attach informal complaint if implementation Memorandum requires such).** On 1/12/09 my book was taken during a search in my cell. I was never given a Notice of Confiscation in accordance with O.P. 802.1. On 2/27/09 I was informed on Informal Complaint 8708 that my book was determined to be not allowed. I was given no reason as to why it wasn't allowed. The Book was not and is not on the Disapproved Publications List. Per O.P. 803.1 publications must be sent to the Publication Review Committee for a final decision, and the offender is to be notified for the reasons of the disapproval. That is another o.p. not followed. Finally, I was denied 3 times (3/4/09, 3/10/09, and 3/12/09) my right to appeal the decision made on 2/27/09 to disallow my Publication as O.P. 803.1 and 846.1 provide. I was denied Due Process and proper Department Procedures were not followed. I have copies of all Forms mentioned. Operations Officer Taylor has waived any time deadline for this grievance as she heard the issue on 9/29/09

**What action do you want taken?** I would like to have my publication sent back so that Richmond can decide whether it is disallowed as per O.P. 803.1 and all individuals involved with the denial of due process by taking my property be punished accordingly.

**Grievant's Signature:** *Jason Clem*        **Date:** 9/30/09

**Warden/Superintendent's Office:** _____

**Date Received:** _____

WRSP
Grievance Department
OCT 14 2009

**RECEIVED**
OCT 06 2009
OMBUDSMAN SERVICE UNIT
WESTERN REGION

Service Date 7/1/05

VIRGINIA DEPARTMENT OF CORRECTIONS
**Regular Grievance Form**

Effective Date: July 1, 2005
Operating Procedure# 866    Attachment #2

**INSTRUCTIONS FOR FILING**: You are required per Division Operating Procedure 866 "Inmate Grievance Procedure" to attempt to resolve your complaint in good faith prior to filing a regular grievance. The institutional Implementation Memorandum 866 details the informal process to use. You must submit your grievance within 30 days from the date of occurrence or discovery of incident. Only one issue per grievance will be addressed. Write your issue only in the space provided on the grievance form, preferably in ink. Regular grievances are submitted through the institutional mail to the Warden/Superintendent's office and a receipt issued within 2 working days from received date if the grievance is not returned during intake.

**INTAKE**: Grievances should be accepted for logging unless returned for the following reason(s):

| | |
|---|---|
| | Non-Grievable. This issue has been defined as non-grievable in accordance with Division Operating Procedure 866. |
| | ☐ Disciplinary Procedure. You may appeal hearing decisions, penalties, and/or procedural errors under the provisions in Division Operating Procedure 861, "Inmate Discipline". |
| | ☐ Matters beyond the control of the Department of Corrections |
| | ☐ Validation decisions rendered by the Security Threat Group Program Manager |
| | Does not affect you personally |
| | Limited. You have been limited by the Warden/Superintendent |
| | More than one issue – resubmit with only one issue |
| ✓ | Expired Filing Period. Grievances are to be filed within 30 calendar days from date of occurrence/incident, or discovery of the occurrence/incident except in instances: 1) beyond the inmate's control or, 2) where a more restrictive time frame has been established in Division procedures to prevent loss of remedy or the issue from becoming moot. |
| | Repetitive. This issue has been grieved previously in grievance #_____ |
| | Inquiry on behalf of other inmates. |
| | Group Complaints or Petitions. Grievances are to be submitted by individuals. |
| | Vulgar/Insolent or Threatening Language. YOU MAY BE CHARGED IN ACCORDANCE WITH THE PROVISIONS IN DIVISION OPERATING PROCEDURE 861 "INMATE DISCIPLINE" |
| | Photocopy/Carbon Copy. You must submit the original grievance for responses and appeals. |
| | Grievances Filed Regarding Another Institution. This grievance is being returned to you for you to submit to: |
| | Informal Procedure. You have not used the informal process to resolve your complaint in accordance with the Implementation Memorandum |
| | Request for services |
| | Insufficient Information. You need to provide the following information to the Grievance Office before the grievance can be processed: _____ |
| | The issue in the grievance is different from the issue in the informal complaint |

WRSP
Grievance Department

Institutional Ombudsman/Grievance Coordinator: _B J Carizzi_    Date: OCT 12 2009

| | |
|---|---|
| **If you disagree with this decision, you have 5 calendar days from date of receipt to submit to the Regional Ombudsman for a review of the intake decision. The Regional Ombudsman's decision is final.** | |

Regional Review of Intake (within 5 working days of receipt)

| | |
|---|---|
| ✓ | The intake decision is being upheld in accordance with the criteria in Division Operating Procedure 866 "Inmate Grievance Procedure". |
| | The intake decision is being returned to you because the 5 day time limit for review has been exceeded. |
| | The grievances meet the criteria for intake and are being returned to the Warden/Superintendent for logging. |

Regional Ombudsman: _____    Date: _10/6/07_

**WITHDRAWAL OF GRIEVANCE**: I wish to voluntarily withdraw this grievance. I understand that by withdrawing this grievance, there will be no further action on this issue nor will I be able to file any other grievance in the future on this issue.

Inmate Signature: _____    Date: **RECEIVED**

Staff Witness: _____    Date: _____
OCT 06 2009

OMBUDSMAN SERVICE UNIT
WESTERN REGION

Exhibit D-2
Page 10

Mr. Bivens,

   I would like you to review the intake decision for this Grievance also I believe that the 30 day issue was waived by Operations Officer Y. Taylor. She knows the applicable procedures and gave a response on the Informal Complaint anyway. By giving a response she waived the filing deadline. I believe she came to the right conclusion in waiving the filing deadline because the purpose of a Grievance is to give fair decisions involving issues that inmates believe are wrong or unfair. It is holding with that fairness to waive the 30 day filing deadline as Mrs. Taylor has. Therefore, I ask that you to continue this fairness and waive the deadline as has Mrs. Taylor.

                                        Thank You,

                                        Jason Clem 10-4-09

                              Jason Clem  #350362  #1185220

                              Wallens Ridge State Prison


This appeal was placed in the mailbox on  10-4-09

## RECEIVED

OCT 06 2009

OMBUDSMAN SERVICE UNIT
WESTERN REGION

WRSP
Grievance Department
OCT 11 2009

4.

22. The plaintiff protested and informed Sgt. Cochrane that the book was not on the Disapproved Publications List.

23. Sgt. Cochrane relented a bit and said he was going to give the book to the property department to see if the plaintiff could have it.

24. Sgt. Cochrane unreasonably and knowingly deprived the plaintiff of his publication for reasons unrelated to penal interests.

25. Operating Procedure 802.1 (Offender Property) requires a Notification of Confiscation of Property form be given to an offender. The form details, among other things, the appeal process.

Failure to give process due
26. The plaintiff was never given a Notification of Confiscation of Property form.

27. After not hearing anything from the property department the plaintiff asked the Sgt. what was up with the book.

28. Sgt. Cochrane told him that the property department had the book now and that he should write them.

29. On January 19, 2009 the plaintiff wrote a Request for Information to the property department inquiring about the publication. (See Exhibit D, page 1)

30. On January 28, 2009, Sgt B. Collins, (now Lt. Collins) the officer in charge of the property department, responded to the Request stating that property did not have any information concerning the book. (See Exhibit D, page 1)

31. On February 1, 2009 the plaintiff filed an informal complaint concerning the lost book and failure to follow procedures.

32. No receipt was issued within two days as Operating Procedure 866.1 (Offender Grievance Procedure) requires.

33. On February 10, 2009 the plaintiff filed a grievance concerning the lost book and failure to follow proper procedures. Per O.P. 866.1, the plaintiff made a good faith effort to resolve the issue informally. This was explained in the Grievance. (See Exhibit D, page 2)

34. On February 13, 2009 the Grievance was returned during the intake by the grievance coordinator B.J. Ravizee who said to resubmit an informal complaint since none was received. (See Exhibit D, page 2 reverse)

35. On February 18, 2009 the plaintiff resubmitted an informal complaint concerning the lost book and failure to follow proper procedures. (See Exhibit D, page 3)

36. On March 4, 2009 the plaintiff received a response to the complaint which stated the book had been found but determined to be not allowed. No reason was given for its disapproval as 803.2 (Incoming Publications) requires. (See Exhibit D, page 3)

37. The book was not sent to the Publication Review Committee as O.P. 803.2 (Incoming Publications) requires for all disapproved publications.

38. On March 4, 2009 the plaintiff submitted a Grievance concerning the disapproval of his book by Sgt. B. Collins (on February 27, 2009, received March 4, 2009)(See Exhibit D, page 4).

39. On March 6, 2009 the Grievance was returned during the intake by B.J. Ravizee for the 30 day filing period being expired. (See Exhibit D, page 4 reverse)

40. On March 10, 2009 the plaintiff submitted another Grievance on the disapproval of his book and clearly stating that it was challenging the February 27th decision not the January 12th taking. (See Exhibit D, page 5)

41. On March 12, 2009 the Grievance was returned during the intake by B.J. Ravizee for the 30 day filing period being expired for the "property taken Jan 12th". (See Exhibit D, page 5 reverse)

42. On March 12, 2009 the plaintiff sent Mrs. Ravizee a letter inquiring why he was not being allowed to Grieve the February 27th disapproval even though the January 12th deprivation was not being challenged. (See Exhibit D, page 6)

43. On March 17, 2009 Mrs. Ravizee responded to the letter stating "you had 30 days to file on property taken on 1-12-09". (See Exhibit D, page 6)

44. On March 25, 2009 the plaintiff was notified by Sgt. B. Collins that he had to send his book out. (See Exhibit D, page 7)

6.

45. The only reason given for the censorship, up to this point, was that it was a Dungeons and Dragons book. He was never given the Notification of Confiscation of property form, detailing his appeal rights among other things. He was effectively denied his right to appeal and be heard on the issue. Procedures were constantly ignored.

Unconstitutional Reason For the Censorship (See Affidavit of Jason Clem)

46. On July 4, 2009 at approximately 10:00am, during a visit with his mother and brother, the plaintiff had a conversation with Lt. B. Collins, the Sgt., now promoted, that had disapproved his book.

47. During the conversation the plaintiff had to remind Lt. Collins about the book. As soon as she was told the book was about dragons she immediately remembered why she had disapproved it

48. Lt. B. Collins told the plaintiff, in front of his visitors, that she had orders from Major J. Combs to disapprove all Dungeons and Dragons regardless of their content and to make up a reason to disapprove.

49. She further went on to explain the specific reason she uses for disapproval is that the books instruct you to inflict pain on others. She said she does not really believe they instruct that but she uses that as her reasoning.

50. She told the plaintiff that there was nothing that he could do here (at WRSP) and that it would stir things up with the Major.

51. On September 7, 2009 at approximately 10:00am, during a visit with his mother and step-father, the plaintiff had another conversation with Lt. B. Collins concerning the orders by Major J. Combs to disapprove all Dungeons and Dragons books.

52. Lt. B. Collins once again told the plaintiff, in front of his visitors, that the major, J. Combs, had issued verbal orders to all of the officers to disapprove all Dungeons and Dragons books.

53. She further explained that the Major does not like the books and does not want them at his institution.

54. The plaintiff then asked if she thought the Major would put down those orders on paper upon my request to him.



# COMMONWEALTH of VIRGINIA

### Department of Corrections

GENE M. JOHNSON
DIRECTOR

P.O. BOX 26963
RICHMOND, VIRGINIA 23281
(804) 674-3000

March 16, 2009

## MEMORANDUM

TO:       Regional Directors
          Wardens/Superintendents

FROM:     The Publication Review Committee

SUBJECT:  March 6, 2009, Publication Reviews

The Publication Review Committee met on **March 6, 2009** to review all publications submitted.  Following the March 6th meeting , letters accompanying the publications were mailed directly to each facility listing the publications that were disapproved or approved.  A cumulative listing of disapproved publications by the Committee appeared  on the DOCnet's Virtual Library website for March 2009 with new listings denoted by an asterisk (*).

Please replace your January 2009 Disapproved Publications List with the updated March 2009 List and ensure all appropriate staff and the law library receives a copy.  The List will be updated and reissued monthly or as necessary.

The following publications were reviewed and, based on a review of the material specified by the sending institution, **were not disapproved**:

| | |
|---|---|
| **Civil War Times, April  09** | **Playboy, Mar 09** |
| <u>**Dragon Lance Chronicles, "Dragon of Winter Nights"**</u> | **Rides, Dec/Jan 09** |
| | **Rolling Stone, Dec/Jan 09 #1068 & 1069** |
| **Entainment Weekly, Jan/Feb 09** | **Rolling Stone, Jan 09 #1070** |
| **Field & Stream, Mar 09** | **Smithsonian, Ja. 09** |
| **Giant, Mar 09** | **Star, Jan 19, 09** |
| **Maxim, Dec 08** | **TV Guide, Jan 09** |
| **Newswatch Magazine, Jan 09** | **Vibe, Mar 09** |

Thank you for your cooperation and if you have any questions, please contact Benjamin A. Wright, Chairman, at (474) 535-7000.



# COMMONWEALTH of VIRGINIA
### *Department of Corrections*

ENE M. JOHNSON
RECTOR

P.O. BOX 26963
RICHMOND, VIRGINIA 23261
(804) 674-3000

December 30, 2008

## MEMORANDUM

TO:          Regional Directors
             Wardens/Superintendents

FROM:        The Publication Review Committee

SUBJECT:     December 19, 2008 Publication Reviews

The Publication Review Committee met on December 19, 2008 to review all publications submitted. Following the December 19th meeting , letters accompanying the publications were mailed directly to each facility listing the publications that were disapproved or approved.  A cumulative listing of publications disapproved by the Committee appears on the DOCnet's Virtual Library website for December, 2008.  New listings are denoted by an asterisk (*).

Please replace your November, 2008 Disapproved Publications List with the updated December,  2008 List and ensure all appropriate staff and the law library receives a copy.  The List will be updated and reissued monthly or as necessary.

The following publications were reviewed and based on the material specified by the sending institution, **were not disapproved**:

| | |
|---|---|
| The American's Bulletin-June 6, 08 | Petersen's Hunting Inter Media-Nov 08 |
| Complex-Nov. 08, Vol. 7 #6 | Playboy Lingerie-Dec 08/Jan 09 |
| Easy Rider-Nov. 08-Vol. 38 #425 | Popular Mechanics-Dec. 08 |
| Field & Stream, Sept 08 | Rides-Dec.08/Jan. 09 |
| Flash Tattoo-Jan. 09, #93 | Savage Tattoo-Dec. 08Spin-Nov. 08 |
| Maxim-Dec.08 | Sportsmen's Guide Catalog-Holiday 2008 |
| Men's Health-Dec. 08 | |

Thank you for your cooperation and if you have any questions, please contact Benjamin A. Wright, Chairman, at (474) 535-7000.

bg/

Exhibit E
Page 2

# COMMONWEALTH of VIRGINIA
### *Department of Corrections*

GENE M. JOHNSON
DIRECTOR

P.O. BOX 26963
RICHMOND, VIRGINIA 23261
(804) 674-3000

August 29, 2008

## MEMORANDUM

TO:         Regional Directors
            Wardens/Superintendents

FROM:       The Publication Review Committee

SUBJECT:    July/August 2008, Publication Reviews

The Publication Review Committee met on August 18, 2008 to review all publications submitted. Following the August 18th meeting , letters accompanying the publications were mailed directly to each facility listing the publications that were disapproved or approved. A cumulative listing of disapproved publications by the Committee appear on the DOCnet's Virtual Library website for July/August 2008. New listings are denoted by an asterisk (*).

Please replace your June 2008 Disapproved Publications List with the updated July/August 2008 List and ensure all appropriate staff and the law library receives a copy. The List will be updated and reissued monthly or as necessary.

The following publications were reviewed and, based on a review of the material specified by the sending institution, **were not disapproved:**

| | |
|---|---|
| Easyriders – August 08, #422 | Rolling Stone-July 10-24, 2008 |
| Field & Stream – June 08, Vol. 112 #28, Vol. 113 #22 | Show, Black Lingerie – Issue 1 of 4 |
| Maxim – August 2008, #128 | Smooth Girl (Latina Issue) – Fall 2005 |
| Newsweek – July 28, 2008 | Tattoo – August 08, #228, |
| Jet – June 9, 200Outdoor Life – August 08, vol. 215 #7 | Tattoo Savage – August 08, #92 |
| Playboy - July 08 | Spin – July 08 |
| Playboy's Topless College Babes – 2007 Supplement | Virginia Game & Fish – July 08, Vol. 2008 #7  & |
| Revolver – September 08 | August 2008, vol. 2008 #8 |
| Rides – July/August 08 | WPE Books & Magazines Catalog |

Thank you for your cooperation and if you have any questions, please contact Benjamin A. Wright, Chairman, at (474) 535-7000.

bg



# COMMONWEALTH of VIRGINIA

## *Department of Corrections*

GENE M. JOHNSON
DIRECTOR

P.O. BOX 26963
RICHMOND, VIRGINIA 23261
(804) 674-3000

September 24, 2008

**MEMORANDUM**

TO:      Regional Directors
         Wardens/Superintendents

FROM:    The Publication Review Committee

SUBJECT:  July/August 2008, Publication Reviews

The Publication Review Committee met on September 17, 2008 to review all publications submitted. Following the September 17th meeting , letters accompanying the publications were mailed directly to each facility listing the publications that were disapproved or approved.  A cumulative listing of disapproved publications by the Committee appear on the DOCnet's Virtual Library website for September 2008. New listings are denoted by an asterisk (*).

Please replace your July/August 2008 Disapproved Publications List with the updated September 2008 List and ensure all appropriate staff and the law library receives a copy.  The List will be updated and reissued monthly or as necessary.

The following publications were reviewed and, based on a review of the material specified by the sending institution, **were not disapproved:**

| | |
|---|---|
| Outdoor Life, Sept 08 | Rides, Sept 08 |
| Virginia Game & Fish, Sept 08 | King, Oct. 08 |
| In the Wind, Dec. 08 | Maxim, Aug. 08 |
| Field & Stream, Aug. 08 | Panama City Beach Guide, May 08 |
| Field & Stream, Sept. 08 | Brio, Jul. 08 |
| Wicca for Beginners, by Thea Sabin | Parents, Jul. 08 |
| Christian Wicca, by Nancy Pittman | Wonder Time, Jul. Aug. 08 |
| A Witches Bible, by Jane & Stewart Farrar | Parent & Child, Jun/Jul. 08 |
| XLR8R, Sept 08 #120 | Family Fun, Jun. 08 |
| Tattoo Savage, Aug. 08 #92 | Red Book, Jul. 08 |
| Tattoo Flash, Jan. 06 | Travel & Leasure, Jul. 08 |
| Men's Fitness, Jun/Jul. 08 | Swimming World, Jul 08, Vol 49 #7 |
| The Advocate, Issue 1007,1008, 1009 & 1010 | Playboy, Jul. 08 |
| Gentlemen's Quarterly (GQ), Jul 08 | Coven 2, 2002 |
| Star Wars (Roleplaying Game) Secrets of Naboo | Noble Knights Games |
| Maxim Aug 08 | King, Oct. 08 |

Thank you for your cooperation and if you have any questions, please contact Benjamin A. Wright, Chairman, at (474) 535-7000.

Exhibit D
Page 3



# COMMONWEALTH of VIRGINIA
## *Department of Corrections*

**GENE M. JOHNSON**
**DIRECTOR**

P.O. BOX 26963
RICHMOND, VIRGINIA 23261
(804) 674-3000

June 24, 2008

## MEMORANDUM

TO:         Regional Directors
            Wardens/Superintendents

FROM:       The Publication Review Committee

SUBJECT:    Jume 2008, Publication Reviews


The Publication Review Committee met on June 18, 2008 to review all publications submitted.  Following the June 18th meeting , letters accompanying the publications were mailed directly to each facility listing the publications that were disapproved or approved.  A cumulative listing of disapproved publications by the Committee appear on the DOCnet's Virtual Library website for June 2008. New listings are denoted by an asterisk (*).

Please replace your May 2008 Disapproved Publications List with the updated June 2008 List and ensure all appropriate staff and the law library receives a copy.  The List will be updated and reissued monthly or as necessary.

The following publications were reviewed and, based on a review of the material specified by the sending institution, **were not disapproved**:

1.    Campus Girls Uncensored,  (2008 Playboy Supplement)
2.    Llewellyn's New to AZ Horoscope Maker and Interpreter, 2006
3.    Maxim, June 08
4.    Nascar Science, May 15, 08
5.    Prison Legal News, Apr. 08, Vol. 19 #4

Thank you for your cooperation and if you have any questions, please contact Benjamin A. Wright, Chairman, at (474) 535-7000.


bg



# COMMONWEALTH of VIRGINIA
### Department of Corrections

GENE M. JOHNSON
DIRECTOR

P.O. BOX 26963
RICHMOND, VIRGINIA 23261
(804) 674-3000

May 16, 2008

## MEMORANDUM

TO:        Regional Directors
           Wardens/Superintendents

FROM:      The Publication Review Committee

SUBJECT:   May 2008, Publication Reviews

The Publication Review Committee met on May 16, 2008 to review all publications submitted. Following the May 16, 2008 meeting, letters accompanying the publications were mailed directly to each facility listing the publications that were disapproved or approved. A cumulative listing of disapproved publications by the Committee will appear on the DOCnet website for May 2008. New listings are denoted by an asterisk (*).

Please replace your April 2008 Disapproved Publication List with the updated May 2008 List and ensure all appropriate staff and the law library receives a copy. The List will be updated and reissued as necessary.

Thank you for your cooperation and if you have any questions, please contact Benjamin A. Wright, Chairman, at (474) 535-7000.


bg

Exhibit E
Page 4



# COMMONWEALTH of VIRGINIA

### *Department of Corrections*

GENE M. JOHNSON
DIRECTOR

P.O. BOX 26963
RICHMOND, VIRGINIA 23261
(804) 674-3000

March 15, 2007

## MEMORANDUM

TO:     Regional Directors
        Wardens/Superintendents

FROM:   The Publication Review Committee

SUBJECT:   Publication Reviews

The Publication Review Committee met in January and February 2007 to review all publications submitted. The publications disapproved by the committee appear in the March 2007 issue of Disapproved Publications, a cumulative list that contains all publications reviewed and disapproved by the Publication Review Committee. New listings are denoted by an asterisk. Replace the December 2006 issue with the March 2007 list.

Please ensure that all appropriate staff and the law library receive copies of the new issue of the Disapproved Publications List. The list will be updated and reissued as necessary.

The following publications were reviewed and, based on a review of the material specified by the sending institution, were not disapproved:

> Blade – November 2006
> Bulletin of Affiliation – September 2006
> Complex – August/September 2006
> King – November 2006
> Playboy – September 2006, October 2006
> Players Girls Pictorial – Vol. 27 no.3
> Rolling Stone – Issue 1006
> Ozone – September 2006
> Scratch – November/ December 2006
> Stuff – September 2006
> Upscale – September/October 2006
> Vibe – October 2006
> World Tribune (English language edition) – September 8, 2006

Publication Review
Page 2
March 15, 2007

Essentials of New Greek Testament Revised (book)
The Mushroom Cultivator (book)
<u>The Mongoose Modern Pocket Handbook (book)</u>
<u>Mongoose Pocket Games Master's Guide (book)</u>
The Noble Qur'an (book)
The Nystrom Desk Atlas (book)
Shar Al-Aquudat-il-Wasitiyah (book)

Exhibit F
Page 1

# COMMONWEALTH of VIRGINIA

GENE M. JOHNSON
DIRECTOR

*Department of Corrections*

P.O. BOX 26963
RICHMOND, VIRGINIA 23261
(804) 674-3000

August 11, 2009

## MEMORANDUM

**TO:**       Wardens/Superintendents

**FROM:**   John M. Jabe, Deputy Director
               Division of Operations

**SUBJECT:**   **Non-music CD Prohibited Possession by Offenders;
                    Restricted Use of CD/DVD by DCE and Chaplains**

Effective immediately, non-music CD should not be sold to offenders and will be considered contraband for possession by offenders. Offenders currently having non-music CD documented as approved personal property may have that specific CD grandfathered in, and it will not be considered contraband.

This prohibition on non-music CD possession by inmates includes, but is not limited to, books, speeches, and educational and religious materials.

Offenders may continue to order and possess music CD through the DOC contract with Jones Express Music (JEM).

This Memorandum also limits use and possession of CD and DVD by the Department of Correctional Education and institutional Chaplains as specified below.

The Department of Correctional Education may continue to possess approved non-music CD and DVD for classroom use provided the CD/DVD is specific to and necessary for educational subject matters being taught. The CD/DVD may only be used in DCE classrooms and may not be loaned to offenders. Additionally CD/DVD may not be available for general viewing in DCE libraries. No recreational CD/DVD movies or games are allowed unless for justifiable educational purposes.

# Wallens Ridge State Prison
# MEMORANDUM

Exhibit F
Page 2

To:     WRSP Offender Population
From:   Y.M. Taylor, Operations Officer
Date:   August 13, 2009

**SUBJECT:   Non-Music CDs**

The Virginia Department of Corrections has announced the following:

Effective immediately, non-music CDs will not be sold to offenders and will be considered contraband for possession by offenders. Offenders currently having non-music CDs documented as approved personal property may have that specific CD grandfathered in, and it will not be considered contraband. This prohibition on non-music CD personal property includes, but is not limited to, books, speeches, educational and religious materials. Offenders may continue to order and possess music CDs through the DOC contract with Jones Express Music.

**SUBJECT:   Operating Procedure 801.5, *Marriage Ceremonies for Offenders* will replace Operating Procedure 841.7 *Marriage Ceremonies for Offenders*, effective date October 1, 2009.**

**SUBJECT:   Changes to Operating Procedure 861.1, *Offender Discipline, Division of Operations***

Effective October 1, 2009, Offense Code 210a, Lewd or obscene acts directed toward or in the presence of another, an 210b, Indecent exposure, will become Category I charges 137a and 137b. Penalties for Offense Code 137a and 137 will range up to loss of good time of up to 180 days good conduct allowance or equivalent earned sentence credits an up to thirty days isolation. Other changes are listed below.

**Operating Procedure 861.1, Section V., A.,** ▮▮▮ text added



**Operating Procedure 861.1, Section V., B.,** ▮▮▮ text deleted

**Operating Procedure 861.1, Section VI., B.,** ▮▮▮ text added

B.  Penalty Range for Category I Offenses:
  * Offense codes that have a penalty range of 1-10 and 12, if applicable, are as follows: 102, 110, 111, 112 120a/b/c, 121, 123, 124, 128, 129, 130, 131, 132, 134, ▮▮▮, and 198.

**Operating Procedure 861.1, Section III.,** definition added



VIRGINIA DEPARTMENT OF CORRECTIONS
**Personal Property Request Form**

Effective Date: September 15, 2006
Operating Procedure #802.1    Attachment #4

Instructions:  Regulated items purchased from the commissary and all items purchased from an approved mail order source must have prior approval from the Facility Unit Head, or designee, and must be added to your personal property inventory. Submit this completed form along with an order blank, a cash withdrawal form, and stamped, addressed envelope to the Facility Unit Head.  All mail order purchases must be prepaid from your trust fund account.

Offender Name: **Jason Clem**                    Number: **350362**

Facility: **Wallens Ridge State Prison**              Date: **8-24-09**

I request approval to purchase the items listed below, to be paid for from my personal funds in my offender account:

| Quantity | Description of Item | Cost |
|---|---|---|
| 3 CD's | Learn To Speak French on CD (3 CD's) | $21.00 |
| 1 CD | Book on CD "There's A Spiritual Solution To Every Problem" | $22.00 |
| 1 CD | Book on CD "Of Mice and Men - John Steinbeck" | $24.95 |
| 1 CD | Book on CD "Bible: James Earl Jones Reads The Bible" | $29.95 |
| | | $4.00 S+H |

I will purchase these items from: ☐ Commissary  ☑ Mail Order Vendor; Name and Address of Vendor:

Vendor: **Jones Express Music**

Address: **P.O. Box 550**

City: **Big Stone Gap**        State: **VA**    Zip: **24219**

All items and publications ordered will be inspected for compliance with Operating Procedures 802.1 and DOP 852 (Operating Procedure 803.2), before I can receive them.  I understand that, if they are found not to meet the criteria set forth in these procedures, I will not be permitted to have them.

**I also understand that any publications ordered, which contain unauthorized advertising items that I am not permitted to have in my possession at this facility (to include but not limited to, stickers, CD's/CD ROM's, Collector Cards, Make-Up Samples, Calendars, etc.), may have the unauthorized advertising item removed and disposed of without notifying me so that I may receive my publication.**

Signature of Offender: _____

---

**Your order is:** ☐ Approved
☑ Disapproved for the following reason:  As of aug 1st, the only CD's that you can buy are music CD's this is State wide policy

Date: **8-26-09**        Signature: _S A Bly_____
(Facility Unit Head/Designee)

---

**Accounting Department Use:**  ☐ Sufficient Funds (forwarded to vendor)
☐ Insufficient Funds (ord r disapproved)        _____
Initials

---

**Return a copy of this request to offender and retain original.**

Date Item(s) Received in Personal Property: _____

Date Added to Inventory: _____   Date Issued to Offender: _____

If Disapproved, Reason: _____

Disposition/Date: _____

**RECEIVED**

OCT 0 6 2009

**Ombudsman Services Unit**

*Revision Date: 4/24 06*