CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 07 2010

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JASON CLEM, )<br>    Plaintiff, ) | Civil Action No. 7:10cv00169 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| GENE JOHNSON, et al., )<br>    Defendants. ) | By: Samuel G. Wilson<br>United States District Judge |

Plaintiff, Jason Clem, a Virginia inmate proceeding pro se, has filed this civil rights action pursuant to 42 U.S.C. §1983, alleging that the defendants violated his rights to free speech and due process by confiscating a book from his cell, violated his rights to free speech and equal protection by denying him non-music compact discs, and violated inmates' rights to free speech by banning 68 publications from the prison. The court finds that Clem has not demonstrated standing regarding his claim as to the 68 banned publications, and therefore, dismisses that claim without prejudice.

To state a cause of action under §1983, a plaintiff must allege facts indicating that plaintiff, himself, sustained deprivation of right, privilege, or immunity secured by the Constitution or laws of the United States. Inmates v. Owens, 561 F.2d 560, 562-63 (4th Cir. 1977). To demonstrate standing, plaintiff must allege personal injury fairly traceable to defendant's allegedly unlawful conduct and likely to be redressed by the relief requested. Allen v. Wright, 468 U.S. 737, 751 (1984). In this case, despite being given the opportunity to amend his complaint, Clem has not alleged that the defendants' ban of 68 publications has personally affected him in any way. Therefore, the court dismisses Clem's claim regarding the 68 banned publications without prejudice. Accordingly, only his claims regarding the confiscation of his book and the denial of non-music compact discs remain.

ENTER: This 4th day of June, 2010.

_____
United States District Judge