**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**ROANOKE DIVISION**

| | | |
|---|---|---|
| **JASON CLEM,** | ) | **Civil Action No. 7:10-cv-00169** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **ORDER** |
| | ) | |
| **GENE JOHNSON, et al.,** | ) | **By:   Hon. Michael F. Urbanski** |
| **Defendants.** | ) | **United States Magistrate Judge** |

Plaintiff Jason Clem, a Virginia inmate proceeding pro se, filed a civil rights complaint under 42 U.S.C. § 1983.  Presently before the court pursuant to Standing Order 2010-5[1] are plaintiff's motion for a preliminary injunction and defendants' motions for summary judgment. Plaintiff filed his motion for a preliminary injunction in response to alleged retaliation for filing this action.  Plaintiff requested as preliminary injunctive relief to be released from segregation, to recover his property, and to be protected from a particular correctional officer.

After the defendants filed their motions for summary judgment, plaintiff received permission to file his third amended complaint, which raised new claims, joined new defendants, and described additional facts relevant to the defendants who already filed for summary judgment.  However, plaintiff incorporated into this amended complaint the issue underlying his request for a preliminary injunction, and he asks the court's permission to voluntarily withdraw his motion for a preliminary injunction because he is no longer in segregation and because he incorporated the claim into his third amended complaint.

"[A] federal court has neither the power to render advisory opinions nor 'to decide questions that cannot affect the rights of litigants in the case before them.'"  Preiser v. Newkirk, 422 U.S. 395, 401 (1975) (quoting North Carolina v. Rice, 404 U.S. 244, 246 (1971)).  "Moot

---

[1]This Standing Order provides that, pursuant to 28 U.S.C. § 636(b)(1)(A), a magistrate judge may adjudicate any non-dispositive, pre-trial matter in a prisoner's 42 U.S.C. § 1983 civil action. Plaintiff's procedural request to voluntarily withdraw his motion for a preliminary injunction and the defendants' mooted motions for summary judgment are pre-trial and are not dispositive.

questions require no answer," <u>Mo., Kan. & Tex. Ry. v. Ferris</u>, 179 U.S. 602, 606 (1900), and, thus, federal courts "[are] not empowered to decide moot questions or abstract propositions," <u>California v. San Pablo & Tulare R.R.</u>, 149 U.S. 308, 314 (1893).  The defendants' responses to the earlier complaints are no longer relevant to plaintiff's pending third amended complaint, and plaintiff no longer requests preliminary injunctive relief.  Accordingly, these matters are moot, and it is hereby

**ORDERED**

that plaintiff's request to withdraw his motion for preliminary injunctive relief is **GRANTED**; the motion for preliminary injunction **SHALL** be terminated as moot; and the defendants' mooted motions for summary judgment shall be **TERMINATED**.

The docket reveals that the most recently joined defendants have not yet returned an executed waiver of service of process.  The court anticipates that a subsequent order specifying when the defendants shall file a new motion for summary judgment will issue upon receipt of their executed waivers.

The Clerk is directed to send copies of this order to the plaintiff and counsel of record for the defendants.

Entered:  April 26, 2011

/s/ Michael F. Urbanski

Michael F. Urbanski
United States Magistrate Judge